**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Fresh and Process Potatoes Antitrust Litigation | : : : : | MDL No. 4:10-md-02186-BLW<br><br>Judge B. Lynn Winmill |
| THIS DOCUMENT RELATES TO:<br><br>All Indirect Purchaser Actions | : : : : : : | |

**MEMORANDUM IN SUPPORT OF MOTION TO APPOINT GLANCY BINKOW & GOLDBERG LLP AND MILBERG LLP AS INTERIM CO-LEAD CLASS COUNSEL ON BEHALF OF INDIRECT PURCHASER PLAINTIFFS**

Indirect Purchaser Plaintiffs in the actions listed below[1] respectfully submit this memorandum in support of their motion to appoint Glancy Binkow & Goldberg LLP ("Glancy") and Milberg LLP ("Milberg") as Interim Co-Lead Class Counsel of the Indirect Purchaser Class.

Indirect Purchaser Plaintiffs allege that Defendants engaged in an illegal output reduction and price-fixing scheme that caused Plaintiffs to pay artificially inflated prices for potatoes in violation of federal and state antitrust and consumer protection laws.  Glancy and Milberg seek to be appointed interim co-lead class counsel of a putative class of indirect purchasers of potatoes.  Glancy and Milberg respectfully submit that they should be appointed Interim Co-

---

[1] *Todd Simon v. United Potato Growers of Idaho, Inc., et al.*, Case No. 4:10-cv-520-BLW; *Vander Heiden, et al. v. United Potato Growers of Idaho, Inc., et al.*, Case No. 4:10-cv-546-BLW; *Marvilla v. United Potato Growers of Idaho, Inc., et al.*, Case No. 4:10-cv-575-BLW; *Bhandari, et al. v. United Potato Growers of Idaho, Inc., et al.*, Case No. 4:10-cv-576-BLW; and *Florez v. Idahoan Foods, LLC, et al.*, Case No. 4:10-cv-583.

Lead Class Counsel because they are best able to represent the interests of the Indirect Purchaser Class.

I.      BACKGROUND

On June 23, 2010, Glancy Binkow & Goldberg LLP filed a class action complaint on behalf of plaintiff Todd Simon and a putative class consisting of indirect purchasers of fresh and process potatoes (the *Simon* action).  The complaint was filed in Los Angeles in the U.S. District Court for the Central District of California.  On July 13, 2010, a motion to transfer was filed with the Judicial Panel on Multidistrict Litigation ("Panel") under 28 U.S.C. § 1407 seeking to transfer the *Simon* action to the U.S. District Court for the District of Idaho for consolidated or coordinated pretrial proceedings, *In re Fresh and Process Potatoes Antitrust Litigation*, MDL No. 2186.  The transfer motion was filed by plaintiff's counsel in *Brigiotta's Farmland Produce and Garden Center, Inc. v. United Potato Growers of America, Inc.*, Case No. CIV 10-307-E-BLW, a direct purchaser class action which was pending in this Court.  Counsel for *Simon* participated in the MDL proceedings and did not oppose the transfer motion.

In the weeks that followed, four additional class action complaints with substantially similar defendants, allegations and claims were filed on behalf of indirect purchasers of potatoes – two complaints in the Northern District of California, and one complaint each in the District of Vermont and the Eastern District of Wisconsin.  In the MDL proceedings, these actions were deemed by the Panel to be tag-along actions.

By order dated October 13, 2010, the Panel transferred the *Simon* action and all tag-along actions to this Court for coordinated or consolidated pretrial proceedings.  Plaintiffs now bring this motion to appoint Interim Co-Lead Class Counsel for the Indirect Purchaser Actions.[2]

## II.   LEGAL STANDARD

Fed. R. Civ. P. 23(g)(3) provides for the appointment of interim class counsel on behalf of a putative class.

It is generally accepted that Fed. R. Civ. P. 23(g)(1), which outlines the considerations pertinent to the appointment of class counsel at the time the class is certified, applies equally to the appointment of interim class counsel before certification.  *See Four in One Co. v. SK Foods, L.P.*, 08-cv-03017 MCE, 2009 U.S. Dist. LEXIS 28657, *7-8 (E.D. Cal. Mar. 19, 2009) *quoting In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

Fed. R. Civ. P. 23(g)(1)(A) establishes four factors which courts must consider in appointing class counsel:  (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Furthermore, "[t]he most common means of selecting counsel is the so-called 'private ordering' approach, whereby involved counsel jointly come to a representational consensus and submit their recommendation in that regard to the court for approval."  *Four in One*, 2009 U.S. Dist. LEXIS 28657, at *9.  *See also* Manual on Complex Litigation, Fourth, § 21.272 ("The

---

[2]  Similarly, Plaintiff's counsel in *Brigiotta's Farmland* brought a motion for appointment of lead counsel on behalf of direct purchasers of fresh and process potatoes on August 20, 2010. *See* Case No. 4:10:cv-00307-BLW, Dkt. #91.  On October 4, 2010, the Court entered an order appointing a Plaintiff's Executive Committee to serve as Interim Class Counsel for direct purchasers.  Dkt. #107.

lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."). Consequently, "efforts of plaintiffs' counsel to coordinate activities between themselves should be encouraged." *Four in One*, 2009 U.S. Dist. LEXIS 28657, at *9. Here, this highly encouraged "private ordering" has occurred, where counsel in each of the indirect purchaser cases has agreed, subject to this Court's approval, that Glancy and Milberg should serve as interim co-lead class counsel on behalf of a putative class. As seen below, each firm is highly qualified to jointly represent the class of Indirect Purchaser Plaintiffs. Consequently, they respectfully request that their motion for appointment as Interim Co-Lead Class Counsel be granted.

     **A.    GLANCY AND MILBERG HAVE IDENTIFIED AND INVESTIGATED THE CLAIMS ON BEHALF OF THE INDIRECT PURCHASER CLASS**

Glancy and Milberg have already committed considerable time and resources researching and identifying the claims of the Indirect Purchaser Plaintiffs. They are ready and willing to prosecute this action on behalf of the Indirect Purchaser Class to the fullest extent possible, and have participated in working with other plaintiffs' counsel in advancing the concerned claims.

     **B.    GLANCY AND MILBERG ARE BEST ABLE TO REPRESENT THE INTERESTS OF THE INDIRECT PURCHASER CLASS**

Milberg and Glancy each possess the experience, knowledge and resources necessary to serve as Interim Co-Lead Class Counsel of the Indirect Purchaser Class. The firms have already devoted time and resources to investigating the claims in this action, and are committed to using their substantial experience, knowledge, and resources to recover the overcharges paid by Indirect Purchaser Plaintiffs as a result of Defendants' unlawful conduct. As a result, Glancy and Milberg are best able to represent the interests of the Indirect Purchaser Class.

### 1.    GLANCY BINKOW & GOLDBERG LLP

Glancy Binkow & Goldberg LLP has represented investors, consumers and employees in federal and state courts throughout the United States for seventeen years.  (The firm resume is attached hereto as Exhibit A.)  Based in Los Angeles, California and with offices in New York, New York and San Francisco, California, Glancy Binkow & Goldberg has developed expertise prosecuting securities fraud, antitrust and complex commercial litigation.  As Lead Counsel or as a member of Plaintiffs' Counsel Executive Committees, Glancy Binkow & Goldberg has recovered in excess of $1 billion for parties wronged by corporate fraud and malfeasance.  The firm's efforts on behalf of individual investors have been the subject of articles in such publications as *The Wall Street Journal*, *The New York Times* and *The Los Angeles Times*. Glancy Binkow & Goldberg filed the initial landmark antitrust lawsuit against all of the major NASDAQ market makers and served on Plaintiffs' Counsel's Executive Committee in *In re Nasdaq Market-Makers Antitrust Litigation*, USDC Southern District of New York, Case No. 94 C 3996 (RWS), MDL Docket No. 1023, which recovered $900 million for investors in numerous heavily traded Nasdaq issues.

The Firm's San Francisco office, which concentrates the Firm's antitrust practice, currently serves or has served as Lead or Co-Lead Counsel in actions throughout the United States.  Cases in which they hold current leadership positions include: *In re Photocromic Lens Antitrust Litig.*, U.S.D.C., Middle District of Florida, MDL No. 2173;  *In re Korean Air Lines Co., Ltd. Antitrust Litig.*,  U.S.D.C., Central District of California, MDL. No. 1891; *In re Urethane Antitrust Litig.*, U.S.D.C., District of Kansas, MDL No. 1616; *In re Western States Wholesale Natural Gas Antitrust Litig.*, U.S.D.C., District of Nevada, MDL No. 1560; *Sullivan et al v. DB Investments, Inc., et al*, U.S.D.C, District of New Jersey, No. 3:04-cv-02819.

Susan G. Kupfer is the partner of the Glancy firm who will lead this litigation.  She joined the firm in 2003, where she established its San Francisco office and its antitrust practice. She is a native of New York City and received her A.B. degree from Mount Holyoke College and her J.D. from Boston University School of Law.  She did graduate work at Harvard Law School and then served as Director of Clinical Programs at Harvard, where she supervised that program of legal practice and taught its related academic components.

She was a professor of law at Hastings College of the Law, Boston University School of Law, Golden Gate University School of Law and Northeastern University School of Law.  From 1991 to 2002, she was a lecturer on law at University of California, Berkeley, Boalt Hall, teaching Civil Procedure and Conflict of Laws.  Her areas of academic expertise are Civil Procedure, Federal Courts, Conflict of Laws, Constitutional Law, Legal Ethics and Jurisprudence.  Ms. Kupfer is a member of the Massachusetts and California State Bars and the United States District Courts for the Northern, Central and Southern districts of California, the District of Massachusetts, the First and Ninth Circuits Courts of Appeal and the U.S. Supreme Court.  She was named one of Northern California's Super Lawyers of the Year in 2004, 2005, 2006 and 2007 in antitrust litigation.

Joseph M. Barton, Of Counsel, has represented plaintiffs in securities, antitrust and consumer class action litigation since 1997.  Prior to Glancy Binkow & Goldberg LLP, Mr. Barton practiced at Gold Bennett Cera & Sidener LLP in San Francisco.  During his career, Mr. Barton has successfully litigated many notable class actions throughout the United States while serving on the Lead or Co-Lead counsel team, including *Rubber Chemicals Antitrust Litigation*, ($320 million settlement); *EPDM Antitrust Litigation* ($106 million settlement); *Carbon Black Antitrust Litigation* ($20 million settlement); *Organic Peroxides Antitrust Litigation*, ($37

million settlement); *CR Antitrust Litigation* ($62 million settlement); *MCAA Antitrust Litigation*, ($15.6 million settlement); *Plastics Additives Antitrust Litigation* ($30.4 million partial settlement); *Laminates Antitrust Litigation* ($40.5 million settlement); *NBR Antitrust Litigation* ($35 million settlement); *Methionine Antitrust Litigation* ($107 million settlement); and *Polyester Staple Antitrust Litigation* ($63.5 million settlement).

Mr. Barton earned his undergraduate degree in political science from the California Polytechnic State University, San Luis Obispo, and his J.D. from Golden Gate University School of Law in San Francisco.  He is admitted to practice law in California and before the United States District Courts for the Central, Northern and Eastern Districts of California and the Ninth Circuit Court of Appeals.

### 2.     MILBERG LLP

Founded in 1965, Milberg has approximately 75 lawyers in New York, California, Florida, and Michigan who concentrate their practice in class and complex litigation in the fields of antitrust, consumer protection, ERISA, healthcare and insurance fraud, mass torts, securities and shareholder rights actions.  Milberg's firm resume is attached hereto as Exhibit B.

Milberg has substantial expertise in the prosecution of antitrust cases and, specifically, indirect purchaser antitrust cases in the agricultural food products industry.  Milberg currently serves as court-appointed interim co-lead counsel in two such actions:

1.     *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002 (E.D. Pa. filed Dec. 2, 2008) (interim co-lead counsel for putative class of indirect purchasers of eggs and processed eggs); and

2.     *L'Ottavo Ristorante v. Ingomar Packing Co.,*  No. 09-cv-1945 (E.D. Cal filed May 22, 2009) (interim co-lead counsel for putative class of indirect purchasers of processed tomatoes).

More generally, Milberg has successfully prosecuted thousands of class action lawsuits. Milberg's skill and experience in complex class action litigation has consistently yielded

outstanding recoveries for wronged consumers, businesses and investors, totaling over $50 billion since the firm's inception.  In one example, Milberg's antitrust practice, acting as co-lead counsel, obtained one of the largest antitrust settlements in history on behalf of purchasers and sellers of certain NASDAQ securities.  *In re NASDAQ Market-Makers Antitrust Litig.*, No. 94-cv-3996 MDL No.1023 (S.D.N.Y. filed May 27, 1994) (federal antitrust claims against various market-makers for fixing the price of investors' transaction costs settled for $1.027 billion).

Judges throughout the country have repeatedly recognized the quality of Milberg's representation, including the skill and professionalism with which Milberg attorneys represent class members.  *See, e.g.*, *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 256 F.R.D. 586, 602 (N.D. Ill. 2009) (Milberg "competently and vigorously represented Plaintiffs and the putative class members"); *In re Rite Aid Corp. Securities Litig.*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003) ("it would be hard to equal the skills class counsel demonstrated here"); *In re NASDAQ Market Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) ("It is difficult to conceive of better representation than the parties to this action achieved."); *In re The Prudential Ins. Co. of America Sales Practices Litig.*, 962 F. Supp. 572, 585-86 (D.N.J. 1997) ("[T]he results achieved by plaintiffs' counsel in this case in the face of significant legal, factual and logistical obstacles, and formidable opposing counsel, are nothing short of remarkable."); *In re Prudential Securities Inc. Partnership Litig.*, 912 F. Supp. 97, 101 (S.D.N.Y. 1996) (Judge Pollack noting that he had "had the opportunity at first hand to observe the quality of plaintiffs' class counsel's representation, both here and in other complex litigation, and is impressed with the quality of Plaintiffs' Class Counsel").

The Milberg attorneys working on this case are as skilled as any at Milberg, and possess the knowledge and experience necessary to lead this antitrust case on behalf of the putative

Indirect Purchaser Class.  Paul F. Novak, the head of Milberg's antitrust practice, formerly served as the Assistant Attorney General of Michigan, in charge of the Special Litigation Division that handles antitrust enforcement.  While at the Michigan Attorney General's office, Mr. Novak served, *inter alia*, as lead counsel on behalf of all fifty state attorneys general in *In re Cardizem CD Antitrust Litig.*, No. 99-md-1278 (E.D. Mich. filed June 15, 1999), which involved then-novel indirect purchaser antitrust claims against brand and generic pharmaceuticals manufacturers.  Peter Safirstein has extensive experience representing plaintiffs in antitrust, securities and consumer class actions.  Mr. Safirstein has also served, *inter alia*, as a staff attorney for the Enforcement Division of the U.S. Securities and Exchange Commission and as an assistant United States attorney in the Southern District of Florida.

Milberg has unparallelled resources to assist it in litigating Plaintiffs' claims.  For example, Milberg's professional staff includes a team of full-time investigators, who are managed by a 27-year veteran of the FBI, and four full-time forensic accountants.  In at least one case, Milberg's investigative team assisted counsel in being "at least eighteen months ahead of the United States Department of Justice in ferreting out" the challenged unlawful conduct.  *In re Rite Aid Corp. Securities Litig.*, 269 F. Supp. at 611.  Milberg is committed to expending its extraordinary resources to further investigate, and vigorously pursue, Plaintiffs' claims.

Due to Milberg's skill, knowledge, experience, and resources, it has repeatedly been appointed lead or co-lead counsel, including in antitrust class actions like this one.  *See, e.g.*, *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002 (E.D. Pa. filed Dec. 2, 2008) (interim co-lead counsel for indirect purchasers class); *In re Korean Airlines Co., Ltd. Antitrust Litig.*, No. 07-ml-1891 (C.D. Cal. filed Dec. 28, 2007) (interim co-lead counsel for direct purchaser class); *In re Relafen Antitrust Litig.*, No. 01-cv-12239 (D. Mass. filed Dec. 18, 2001) (co-lead counsel

for indirect purchaser class); *In re Buspirone Antitrust Litig.*, No. 01-md-1413 (S.D.N.Y. filed Aug. 27, 2002) (co-lead counsel for indirect purchaser class).

## III.   RESPONSIBILITIES OF INTERIM CO-LEAD CLASS COUNSEL FOR THE INDIRECT PURCHASER PLAINTIFFS

Interim Co-Lead Class Counsel proposed that they shall have the following responsibilities with respect to this litigation on behalf of the Indirect Purchaser Class:

a.   To coordinate and communicate with counsel in the Direct Purchaser Plaintiffs case;

b.   To coordinate and make the work assignments;

c.   To promote the efficient prosecution of this litigation and avoid duplication of work;

d.   To initiate and conduct all discovery proceedings and communicate with Defendants' counsel with respect to same and on all issues related to the Indirect Purchaser case.

e.   To coordinate all motions, requests for discovery, experts and other pretrial proceedings;

f.   To meet with defense counsel with respect to settlement and other matters on behalf of Indirect Purchaser Plaintiffs;

g.   To record and administer all time and expenses of counsel and staff on a form set forth by Interim Co-Lead Class Counsel on a monthly basis or on such other schedule as may be established;

h.   To collect funds from Indirect Purchaser Plaintiffs' counsel as needed to defray the common costs incurred in the prosecution of this litigation and to allocate any fees; and

i.   To perform such other duties and undertake such responsibilities as may be deemed necessary or desirable.

## IV.   CONCLUSION

For the reasons stated above, Glancy Binkow & Goldberg LLP and Milberg LLP respectfully request that their motion for appointment as Interim Co-Lead Class Counsel be

granted.  A proposed order has been submitted to the Court as the Indirect Purchaser Plaintiffs'

proposed Case Management Order No.1.


Dated: December 10, 2010                    Respectfully submitted,

                                            **BANDUCCI WOODARD
                                            SCHWARTZMAN PLLC**


                                            /s/  Benjamin A. Schwartzman
Susan G. Kupfer                             Benjamin A. Schwartzman
Joseph M. Barton                            802 West Bannock, Suite 500
**GLANCY BINKOW & GOLDBERG**                Hoff Building
**LLP**                                     Boise, ID 83702
One Embarcadero Center, Suite 760           Tel:  (208) 342-4411
San Francisco, CA  94111                    bschwartzman@bwslawgroup.com
Tel:  (415) 972-8160
skupfer@glancylaw.com
jbarton@glancylaw.com

*Counsel for Plaintiff Todd Simon*

Paul F. Novak                               Peter Safirstein
**MILBERG LLP**                             Elizabeth McKenna
One Kennedy Square                          Lauren Block
777 Woodward Ave, Suite 890                 **MILBERG LLP**
Detroit, MI 48226                           One Pennsylvania Plaza, 49th Floor
Tel:  (313) 309-1760                        New York, NY 10119
pnovak@milberg.com                          Tel:  (212) 594-5300
                                            psafirstein@milberg.com
*Counsel for Plaintiffs Navtej Bhandari,*   emckenna@milberg.com
*Joyce Rizzo, Taul LLC, Brittney Vander*    lblock@milberg.com
*Heiden, Trang Nguyen, Kory Pentland,*
*Abigail Rizzo, and Jonathan Rizzo*         *Counsel for Plaintiffs Navtej Bhandari,*
                                            *Joyce Rizzo, Taul LLC, Brittney Vander*
                                            *Heiden, Trang Nguyen, Kory Pentland,*
                                            *Abigail Rizzo, and Jonathan Rizzo*

- 11 -

Matthew S. Wild
**WILD LAW GROUP PLLC**
500 Mamaroneck Avenue, Suite 320
Harrison, NY 10528
Tel:  (914) 358-6443
mwild@wildlawgroup.com

*Counsel for Plaintiffs Navtej Bhandari,*
*Joyce Rizzo, Taul LLC, Brittney Vander*
*Heiden, Trang Nguyen, Kory Pentland,*
*Abigail Rizzo, and Jonathan Rizzo*

Donald Amamgbo
**AMAMGBO & ASSOCIATES**
6167 Bristol Parkway #325
Culver City, CA 96230
Tel:  (310) 337-1137
donald@amamgbolaw.com

*Counsel for Plaintiff Sergio Marvilla*

Sharron W. Gelobter
**YURUMEIN LAW FIRM**
1736 Franklin Street, 10th Floor
Oakland, CA  94612
Tel:  (510) 288-8686
sgelobter@yurumeinlaw.com

*Counsel for Plaintiff Sergio Marvilla*

Guri Ademi
Shpetim Ademi
David J. Syrios
**ADEMI & O'REILLY, LLP**
3620 E. Layton Avenue
Cudahy, WI 53110
Tel:  (414) 482-8000
gademi@ademilaw.com
sademi@ademilaw.com
dsyrios@ademilaw.com

*Counsel for Plaintiffs Navtej Bhandari,*
*Joyce Rizzo, Taul LLC, Brittney Vander*
*Heiden, Trang Nguyen, Kory Pentland,*
*Abigail Rizzo, and Jonathan Rizzo*

Chad V. Bonanni
**BERGERON, PARADIS &**
**FITZPATRICK**
P.O. Box 174
Essex Junction, VT 05453
Tel:  (802) 879-6304
chad@essex.bpflegal.com

*Counsel for Plaintiffs Brittney Vander*
*Heiden, Trang Nguyen, Kory Pentland,*
*Abigail Rizzo, and Jonathan Rizzo*

Reginald V. Terrell
**TERRELL LAW GROUP**
P.O. Box 13315, PMB# 148
Oakland, CA 94661
Tel:  (510) 237-9700
reggiet2@aol.com

*Counsel for Plaintiff Sergio Marvilla*

Julio J. Ramos
**LAW OFFICES OF JULIO J. RAMOS**
35 Grove Street, Suite 107
San Francisco, CA  94102
Tel:  (415) 948-3015
ramosfortrustee@yahoo.com

*Counsel for Plaintiff Martha Florez d/b/a*
*Usulutan Restaurant*